UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSHUA D. FRANKLIN,<br><br>    *Plaintiff*,<br><br>    v.<br><br>UNITED STATES OF AMERICA, *et al.*,<br><br>    *Defendants*. | Civil Action No. 22-cv-2203 (UNA) |

### MEMORANDUM OPINION

    This matter is before the court on its initial review of Plaintiff's *pro se* complaint, *see* ECF No. 1, and application for leave to proceed *in forma pauperis*, *see* ECF No. 2. The Court will grant the *in forma pauperis* application and dismiss the case pursuant to 28 U.S.C. § 1915A(b)(i), which requires the Court to dismiss a prisoner's complaint if it is frivolous.

    According to Plaintiff, defendants have caused him to be connected to "a great computer" against his will. *See* Compl. at 4 (page numbers designated by CM/ECF). The computer allegedly causes Plaintiff's "DNA, Brain, and nervous system to be controlled," *see id.*, in ways that violate rights protected under the First, Fourth, Eighth and Fourteenth Amendments to the United States Constitution, *see generally id*. at 4–5.  For example, the computer invades Plaintiff's privacy by watching him as he defecates or urinates, and causes him "pain, fear, vexation, sleeplessness, and discomfort." *See id.* at 4.  Ultimately, Plaintiff posits, the computer may cause "serious damage and even death[.]" *See id.*

    "A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A complaint that lacks "an arguable basis either in law or in fact" is frivolous.  *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  On review of the complaint, the Court concludes that its factual allegations are "irrational" or "wholly incredible," rendering the complaint frivolous.  *See Denton v. Hernandez*, 504 U.S. 25, 33 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible[.]"); and the Court cannot exercise subject matter jurisdiction over a frivolous complaint.  *See Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *see also Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality").  Accordingly, the Court is constrained to dismiss the complaint as frivolous.

    A separate order will issue.

FLORENCE Y. PAN
United States District Judge

Date:   August 5, 2022